IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY JAMES,<br><br>        Plaintiff,<br><br>    v.<br><br>CHILDTIME CHILDCARE, INC.,<br><br>        Defendant.<br><br><br>CHILDTIME CHILDCARE, INC.,<br><br>        Cross Claimant,<br><br>    v.<br><br>AMY JAMES<br><br>        Cross Defendant.     / | No. Civ. S-06-2676 DFL DAD<br><br><u>Memorandum of Opinion<br>          and Order</u> |

Amy James filed a state action against her former employer Childtime Childcare, Inc. ("Childtime") alleging that she was terminated in violation of California's Fair Employment and Housing Act (FEHA) and public policy. Childtime filed a cross-

complaint containing seven causes of action arising from James' employment. Childtime removed the action to federal court on the basis of diversity jurisdiction. James now seeks to remand the action, strike certain allegations from the cross-complaint, and dismiss the cross-complaint. For the following reasons, the court DENIES the motion to remand, GRANTS the motion to strike, and GRANTS IN PART the motion to dismiss.

I.

James is a resident of Yolo County, California and was employed by Childtime as a center director. James became pregnant prior to July 13, 2006. On July 13, her doctor imposed work restrictions requiring her to work no more than 40 hours per week and to lift no more than 10 pounds. James immediately informed Childtime of these restrictions and was placed on administrative leave. James alleges that Childcare failed to make reasonable accommodations for her between July 13 and July 19, when Childcare terminated her employment, allegedly because of her pregnancy. On October 24, James filed a complaint in Superior Court. She alleges that "she has suffered the loss of wages, salary, benefits, and additional amounts of money she would have received" if Childtime had not fired her. She also alleges "the intangible loss of . . . employment-related opportunities," humiliation, emotional distress, and injury of "mind and body." For relief, she requests: (1) "back pay, front

pay, and other monetary relief;" (2) general damages; (3) punitive damages; (4) interest on the sum of damages; (5) attorney's fees; and (6) costs.

On November 22, 2006, Childtime filed a cross-complaint in state court alleging that James received care for her child and allowed others to receive care for their children at Childtime's facility without proper enrollment or tuition payments. Specifically, Childtime alleges the following causes of action: (1) violations of California Labor Code § 2865; (2) fraudulent concealment; (3) negligent misrepresentation; (4) breach of fiduciary duties; (5) misappropriation of services; (6) restitution and unjust enrichment; and (7) negligence. Childtime removed the action the same day it filed the cross-complaint. James now seeks to remand the action to state court, strike certain allegations from the cross-complaint, and dismiss the cross-complaint.

II.

A.   Motion to Remand

James argues that the court lacks subject matter jurisdiction over her action because the amount in controversy does not exceed $75,000. Defendant carries the burden of proving that removal was proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Since the amount in controversy is not facially apparent from James' complaint, "the court may

consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." <u>Kroske v. US Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005) (internal quotation marks and citation omitted).

    The damages sought by James satisfy the amount-in-controversy requirement. Beyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorney's fees.[1] <u>See</u> Schwarzer, Tashima & Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, § 2:442 at 2C-78 (2006) (emotional distress damages); <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); <u>Chabner v. United of Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (attorney's fees). The Court finds that these damages taken cumulatively likely would exceed $75,000. Furthermore, Childtime presents a letter from James in which she offered to settle the case for $104,000 prior to removal. "A settlement letter is relevant evidence of the amount in controversy if it

---

[1] James erroneously assumes that the court includes only those wages lost before removal when calculating the amount in controversy. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. <u>See</u> <u>Kroske</u>, 432 F.3d at 980.

appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Given the scope of damages discussed above, the proposed settlement amount appears to be a reasonable estimate. For these reasons, the Court finds that the amount in controversy requirement has been met and DENIES the motion to remand.[2]

B.   Motion to Strike

James seeks to strike allegations from Childtime's cross-complaint that it was injured by paying James' salary. James specifically requests that defendant strike passages in paragraphs twenty, twenty-six, thirty-one, and thirty-six. Childtime does not oppose the motion. Therefore, the Court GRANTS the motion to strike.

C.   Motion to Dismiss

James seeks to dismiss all seven of Childtime's causes of action for failure to state a claim.

   1.   Cause of Action 1: Labor Code § 2865

California Labor Code § 2865 states: "An employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer." James

---

[2] Childtime's cross-claims are compulsory since they arise out of the same transaction and occurrence as James' allegations. See Fed. R. Civ. Pro. 13(a). The cross-complaint, therefore, is properly before the court based upon supplemental jurisdiction. See 28 U.S.C. § 1367(a).

argues that to state a claim under the statute a plaintiff must allege an actual loss due to an adverse judgment based upon an employee's negligence.  Childtime argues that such an indemnification-only interpretation goes against the plain language of the statute.  Although authority interpreting the statute is inconclusive, the Court adopts Childtime's reading of § 2865.

James argues that the statute's use of the word "guilty" demonstrates that it creates only a right of indemnification. Although employers may seek indemnification from their employees under the statute, § 2865's plain language supports a broader range of permissible claims.  When California lawmakers have intended to create only a right of indemnification in the Labor Code, they have used the term of art.  See, e.g., Cal. Labor Code § 2800 ("Losses caused by employer's negligence; indemnification"); id. § 2802 ("An employer shall indemnify his or her employee.").  No such term is present in § 2865. If the court were to read the section as requiring a prior judgment, it would be adding an element to the section not required by its plain language.  A plaintiff seeking to make a claim need only allege that "an employee . . . is guilty of a culpable degree of negligence," resulting in "damage . . . to the employer."  Id. at § 2865.  Therefore, the Court finds that Childtime sufficiently pleaded claim one under § 2865 by alleging that it

was damaged by James' negligent acts. See 3 Witkin, Agency & Employment, Torts Against Principal § 115 (10th ed. 2005)(citing § 2865).[3]  The Court DENIES the motion to dismiss as to the § 2865 claim.

2. Causes of Action 2 and 3: Fraudulent Concealment and Negligent Misrepresentation

"Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).  James argues that Childtime fails to plead its fraud and misrepresentation claims with sufficient particularity.  Childtime argues that James' points

---

[3] The only two Ninth Circuit cases to apply § 2865 did so in the indemnification context. See O'Hara v. Teamsters Union Local #856, 151 F.3d 1152, 1160 (9th Cir. 1998); St. Paul Fire & Marine Ins. Co. v. Cunningham, 257 F.2d 731, 732 (9th Cir. 1958).  These cases, however, neither resemble Childtime's claim nor hold that the section cannot be used for direct negligence claims against employees.  The employee in O'Hara, 151 F.3d at 1155-58, acted negligently only towards a third party, thereby giving the employer no grounds for a direct action.  The employer suffered its injury in defending the subsequent third-party action. Id. at 1160.  In St. Paul Fire, 257 F.2d at 731-32, the statute of limitations precluded a direct negligence claim by the employer against the employee.  Despite the absence of federal authority supporting Childtime's interpretation of the section, at least one California court has discussed application of § 2865 by an employer to recover from a negligent employee without a prior adverse judgment. Dahl-Beck Elec. Co. v. Rogge, 275 Cal.App.2d 893, 901-05 (1969)(holding that defendant Stradford was an employee of plaintiff Dahl-Beck and subject to suit under § 2865).

are "well-taken." The Court finds that Childtime has failed to plead claims two and three with sufficient particularity and DISMISSES them with leave to amend.[4]

    3.    Cause of Action 4: Breach of Fiduciary Duties

James argues that, as an employee, she had no fiduciary duty to her employer Childtime. Childtime argues that James was the director of the center, not a mere employee, and therefore subject to fiduciary duties. Childtime cites no authority for the existence of such duties. However, at least one California court has found fiduciary obligations from a "managerial" employee to an employer. Diodes, Inc. v. Franzen, 260 Cal.App.2d 244, 249 (1968). Moreover, California law recognizes a duty of loyalty that is breached when an employee takes action against an employer's best interests. See, e.g., Stokes v. Dole Nut Co., 41 Cal.App.4th 285, 296 (1995). The Ninth Circuit has described the duty of loyalty as a "fiduciary-like" duty. Thorman v. American Seafoods, Co., 421 F.3d 1090, 1098 (9th Cir. 2005). Liberally construing the cross-claim's language, the Court DENIES the motion to dismiss as to the fiduciary duty claim.

---

[4] Childtime expresses concern regarding the privacy rights of children and parents who could be named through particular pleading. Such concerns are not grounds for easing the pleading standards and may be addressed through other precautionary measures.

4.   Cause of Action 5: Misappropriation of Services

James argues that California law does not recognize a claim for misappropriation of services.  Rather, she argues, California law recognizes only claims for misappropriation of property and Childtime has failed to allege what property is at stake in its claim.  Childtime argues that there is no meaningful difference between a service and property, so common law misappropriation claims cover both.[5]

Childtime correctly argues that there is no meaningful distinction between a service and property when making a misappropriation claim.  The leading case defining common law misappropriation, Int'l News Serv. v. Associated Press, 248 U.S.

---

[5]   Under California law:
   [c]ommon law misappropriation is one of a number of
   doctrines subsumed under the umbrella of unfair
   competition.  It is normally invoked in an effort to
   protect something of value not otherwise covered by
   patent or copyright law, trade secret law, breach of
   confidential relationship, or some other form of
   unfair competition.
United States Golf Ass'n v. Arroyo Software Corp., 69 Cal.App.4th 607, 618 (1999).  A misappropriation claim requires that:
   (a) the plaintiff invested substantial time, skill or
   money in developing its property; (b) the defendant
   appropriated and used plaintiff's property at little
   or no cost to defendant; (c) the defendant's
   appropriation and use of the plaintiff's property was
   without authorization or consent of the plaintiff; and
   (d) the plaintiff can establish that it has been
   injured by the defendant's conduct.
Id.  A California misappropriation claim does not require direct competition between plaintiff and defendant.  Id.

9

215, 236-38 (1918), uses the terms "service" and "property" interchangeably. Moreover, including services within the scope of misappropriation doctrine serves the Supreme Court's stated intent to protect interests that might otherwise be considered "too fugitive or evanescent to be regarded as property." Id. at 240. Although Childtime's cross-complaint does not specifically describe the investment of time, skill, or money into its services, the Court assumes such investment since Childtime need not plead the claim with particularity. Therefore, the Court DENIES the motion to dismiss as to the misappropriation of services claim.

    5.    Cause of Action 6: Restitution / Unjust Enrichment

James argues that Childtime fails to state a claim for restitution or unjust enrichment because it fails to allege that she "retained" a benefit. She misstates the law. "A person is enriched if he or she has received a benefit. A benefit is conferred not only where one adds to the property of another, but also where one saves the other from expense or loss." California Fed. Bank v. Matreyek, 8 Cal.App.4th 125, 131 (1992). Childtime alleges that James' deceptive activity unjustly saved her from the expense of paying for child care. So long as she has not compensated Childtime for the alleged care, she has "retained" the benefit. An alleged failure to compensate Childtime can reasonably be inferred from the allegations.

Therefore, the Court DENIES the motion as to the restitution claim.

6.  Cause of Action 7: Negligence

James argues that California Labor Code § 2865 specifically addresses negligence claims by an employer against an employee and, therefore, is the exclusive remedy for such claims.[6] James classifies Childtime's seventh cause of action as a "general" negligence claim, pre-empted by § 2865.[7] James provides no specific authority supporting her interpretation of § 2865 as an exclusive carve-out from general negligence for employer-employee claims.  Moreover, the construction rule she relies upon concerns statutes in direct logical conflict.  <u>In re Pacific Far East Line, Inc.</u>, 644 F.2d 1290, 1293 (9th Cir. 1981).  She fails to demonstrate such conflict here.  Therefore, the Court DENIES the motion as to the negligence claim.

III.

For these reasons, the Court:

(1) DENIES the motion to remand;

---

[6] James' argument against claim seven contradicts her argument against claim one.  Although James does not reconcile her conflicting interpretations of § 2865, the court assumes that her argument against claim seven is in the alternative.

[7] James also raises this argument against claim three (negligent misrepresentation).  Because James has not established that § 2865 is an exclusive remedy, the argument fails for the same reasons as it did against claim seven (negligence).

11

        (2) GRANTS the motion to strike;

        (3) GRANTS the motion to dismiss as to Childtime's second and third causes of action, with leave to amend within 21 days of the date of this order; and

        (4) DENIES the motion to dismiss as to Childtime's first, fourth, fifth, sixth, and seventh causes of action.

IT IS SO ORDERED.

Dated:  May 31, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge